# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0058** |
| **NEWTON B. SCHWARTZ, SR.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Defendant Newton B. Schwartz, Sr.'s ("Defendant") "Application for Interlocutory Appeal Per 28 USC § 1292(b),"[1] wherein Defendant requests leave to file an interlocutory appeal before the United States Court of Appeals for the Fifth Circuit to challenge this Court's Order and Reasons entered on July 25, 2013, which affirmed the magistrate judge's order denying Defendant leave to file certain counterclaims and join third parties.[2] After considering the pending motion, the opposition, the record, and the applicable law, the Court will deny the pending motion.

## I. Parties' Arguments

Defendant's exact grounds for seeking this appeal are unclear and difficult for this Court to determine,[3] but in his own words he states:

There is a conflict between this Court's above orders continues to maintain subject matter jurisdiction over the current party Plaintiffs and Defendant, even after Doc.

---

[1]  Rec. Doc. 82.

[2]  Rec. Doc. 75; *see also* Rec. Doc. 44 (magistrate judge's order).

[3]  Both this Court and the magistrate judge have previously informed Defendant that his pleadings are incomprehensible and therefore impossible to rule upon. *See* Rec. Doc. 66 (denying without prejudice Defendant's motion to dismiss because of various deficiencies, but granting him leave to refile); *see also* Rec. Doc. 62 (magistrate judge denying Defendant's amended motion for leave to file second request for production of documents as "incomprehensible")

#44 and #76 denying joinder of Jack Warren Harang individually. A conflict is presented on this Record, between this Court's and Doc. # 25 (identical both herein and in the Southern District of Texas order). In Texas Doc. #25, the Plaintiff here had been judicially determined to be a Texas resident, citizen and domicile of Texas, supported by documents cited in Order # 25, Southern District of Texas and both adopted thereto per FRCP 10(c).[4]

Defendant claims this Court's prior order affirming the magistrate judge could, in part, "arguably [be] dispositive" as it denies joinder of several parties, and could therefore have *res judicata* effect in the Texas proceedings.[5] Defendant does not explain this theory any further nor does he provide any authority in support of it. Defendant has also requested leave to supplement his motion, wherein he lists various cases, without any further explanation regarding their applicability to his matter.[6] Thereafter, and again without any explanation, Defendant states that:

[D]efendant, in candor owed to the court and counsel may consider timely filing a Notice of Appeal to the Fifth Circuit per the above authorities and record in this case Doc. #25 Order (SD Texas and here) is dispositive on the issue of lack of requite subject matter jurisdiction here as opposed to in the Texas State Court's ongoing underlying litigation.[7]

Plaintiff Jack W. Harang, APLC ("Plaintiff") opposes this request.[8] First, Plaintiff argues that such an appeal would not resolve a controlling issue of law, because reversal would not terminate the litigation.[9] Moreover, Plaintiff notes, as the magistrate judge did, that the very same claims and allegations sought by Defendant here have been brought and are currently being litigated in the

---

[4] Rec. Doc. 82 at p. 2 (all errors maintained from Defendant's filing).

[5] *Id.* at pp. 1-2.

[6] Rec. Doc. 84 at pp. 1-2.

[7] *Id.* at p. 2.

[8] Rec. Doc. 104.

[9] *Id.* at p. 4.

Texas state court. Therefore, filing them here would be cumulative, duplicatitve and would render

this suit unduly complex.[10] Second, Plaintiff argues that this request for an interlocutory appeal

would not raise a "substantial ground" for difference of opinion, and Defendant must do more than

"simply assert that the district court's opinion was, in the movant's view, incorrect."[11] Further,

Plaintiff argues that when a party does not point to substantial conflicting case law, courts have often

found that there is no "substantial disagreement" within the meaning of 28 U.S.C. § 1292(b).[12]

Finally, Plaintiff contends that granting Defendant leave to file an interlocutory appeal would not

materially advance the ultimate termination of these proceedings, and therefore would not serve

judicial economy.[13]

## II. Analysis

In *Matter of Ichinose*,[14] the Fifth Circuit instructed that a district court should only grant an

interlocutory appeal when:

> (1) a controlling issue of law [is] involved; (2) the question [is] one where there is
> substantial ground for difference of opinion; and (3) an immediate appeal [will]
> materially advance the ultimate termination of the litigation.[15]

---

[10] *Id.*

[11] *Id.* at p. 5 (citing *Clark-Dietz & Assoc.-Eng'rs., inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983)).

[12] *Id.* at p. 6 (citing *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F.Supp. 2d 552, 566 (E.D. La. 2010)).

[13] *Id.* at p. 7.

[14] 946 F.2d 1169 (5th Cir. 1991).

[15] *Id.* at 1177.

3

"The decision to permit such an appeal is within the district court's sound discretion."[16]

### A. Controlling Issue of Law

Again, while Defendant's pleadings are unclear, it does not appear that an interlocutory appeal on these issues would concern a controlling issue of law. While Federal Rule of Civil Procedure 15(a)[17] "evidences a bias in favor of granting leave to amend, it is not automatic," and whether to grant such leave is within the discretion of the trial court.[18] District courts are also accorded wide discretion in determining whether to permit the addition of third parties.[19] The Fifth Circuit has specifically held that matters that are within the discretion of the trial court are not "controlling issues of law" in the context to 28 U.S.C. § 1292(b).[20] Therefore, the Court finds that this prong is not met here.

### B. Substantial Ground for Difference of Opinion

Likewise, Defendant's pleadings do not reveal any "substantial ground" for difference of opinion. Instead, Defendant merely lists cases without any attempt to apply them to the matter before this Court. The movant carries the burden of demonstrating the necessity of an interlocutory appeal.[21] Defendant was denied leave to amend to add certain counterclaims and third parties, which

---

[16] *Coates v. Brazoria Cnty. Tex.*, 919 F.Supp. 2d 863, 867 (S.D. Tex. 2013) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)).

[17] As Defendant's request for leave to amend was within the deadline to do so set in the Scheduling Order, Rule 15(a) governs. *See S&W Enters., L.L.C. v. Southtrust Bank of Ala, NA*, 315 F.3d 533 (5th Cir. 2003).

[18] *Matter of Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996).

[19] *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984).

[20] *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1096-97 (5th Cir. 1970).

[21] *Coates*, 919 F.Supp. 2d at 867.

4

as noted above, is a decision within the broad discretion of the district court. With regard to granting leave to amend, the Fifth Circuit has instructed:

> In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.[22]

As the magistrate judge noted:

> Permitting the requested pleading amendment, including impleader, will only increase circuity of action, and duplication of effort and expense, both by the parties and the courts involved, unduly complicating development of this case. The new parties would be prejudiced in their ability to prepare for trial by the duplication and unnecessary increase in time and expense required to address the proposed counterclaim and third-party complaint. Defendant's motive in asserting this motion is not to advance judicial or party efficiencies. Instead, as expressed in his own motion papers, it appears to be to advance his argument that the case here should be dismissed on forum non conveniens grounds ["FNC dismissal here"] because "Texas is the more convenient forum," and also defendant's home court. Record Doc. No. 35-2 at p. 4. This kind of motive is dilatory and not in good faith.[23]

The Court would further note that Defendant has previously been reprimanded for failing to abide by the Local Rules and cure deficiencies in his pleadings.[24] For these reasons, and because Defendant's disagreement with this Court's decision concerns an area where the Court is afforded wide discretion, the Court finds that this request does not involve an issue where there could be a substantial ground for difference of opinion.

### C. Materially Advance the Ultimate Termination of the Litigation

---

[22] *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

[23] Rec. Doc. 44 at p. 2.

[24] *See* Rec. Doc. Nos. 50, 62, 66.

Finally, Defendant makes no argument that granting an interlocutory appeal would materially advance the termination of this lawsuit. To the contrary, it appears that such an appeal would only delay the resolution of the claims brought by Plaintiff, while Defendant is currently pursuing the claims he seeks to add here, in a Texas state court.[25]

Additionally, the Court notes, as the magistrate judge did, that the same causes of action and third parties Defendant wishes to add here are currently pending in a Texas state court.[26] Defendant has acknowledged this as well.[27] Therefore, the Court agrees with the magistrate judge that granting Defendant's underlying request would have only "increas[ed] circuity of the action, and duplication of effort and expense, both by the parties and for the courts involved, unduly complicating the case," and prejudicing the newly added parties to this suit.[28] Defendant has demonstrated difficulty in proceeding in this matter when it was a straightforward fee dispute between two parties;[29] granting Defendant's request to add several tangential counterclaims and third parties would likely only exacerbate these problems, and is especially unnecessary considering that these claims are currently being pursued in another court.  Therefore, the Court finds that granting Defendant's request would not materially advance this matter, but rather would only delay and unnecessarily complicate this case.

Lastly, Defendant appears to raise worries about the effect of this Court's order affirming the

---

[25] *See* Rec. Doc. 44 at p. 2.

[26] *Id.*

[27] Rec. Doc. 82 at p. 2.

[28] Rec. Doc. 44 at p. 2.

[29] *See* Rec. Doc. Nos. 50, 62, 66.

magistrate judge, implying that it made a determination on subject matter jurisdiction and may have *res judicata* effect on his claims in the Texas proceedings. However, Defendant cites no authority to support this position, and the Court finds none. This Court has yet to address the merits of any claims in this matter. For all these reasons, the Court finds that an interlocutory appeal would not be appropriate here.[30]

### III. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's "Application for Interlocutory Appeal Per 28 USC § 1292(b)"[31] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 29th day of August, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[30] The Court also notes that Defendant has filed a direct appeal to the Fifth Circuit on this issue. Rec. Doc. 108.

[31] Rec. Doc. 82.

7