UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0058** |
| **NEWTON B. SCHWARTZ, SR.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

This litigation involves a dispute over fees for legal services that Plaintiff allegedly provided Defendant from late 2010 through early 2011. Before the Court is "Defendant's First Amended Original Motions to Dismiss, Etc."[1] Although portions of Defendant's motion are incomprehensible, Defendant appears to request that the Court dismiss Plaintiff's claims for lack of subject matter jurisdiction, lack of personal jurisdiction over the Defendant, improper venue, and *forum non conveniens*. After the considering the pleadings, the pending motion, the opposition, and the applicable law, the Court will deny Defendant's motion for the reasons that follow.

## I. Background

### *A. Factual Background*

Plaintiff in this matter is Jack W. Harang, APLC ("Plaintiff"), a Louisiana professional law corporation with its principal place of business located in the Parish of Orleans, State of Louisiana.[2] Defendant is Newton B. Schwartz ("Defendant"), a natural person and citizen of Texas.[3] Defendant is an attorney.

According to Plaintiff, in late fall 2010, Defendant asked Plaintiff to represent him in the

---

[1] Rec. Doc. 83.

[2] Rec. Doc. 1 at ¶ 1.

[3] *Id.* at ¶ 2; *see also* Rec. Doc. 7, at p. 19.

matter of *Superior Diving Company, et al. v. Jay Watts, et al.*,[4] pending in the United States District Court for the Eastern District of Louisiana.[5] Plaintiff alleges that Defendant had previously represented Jay Watts ("Watts"), a party in that matter, and "had intervened therein for his attorney's fees costs and expenses."[6] Additionally, Watts had sued Defendant and others for malpractice.[7] Plaintiff was retained "to represent [Defendant Schwartz] personally for his claims as an intervenor and in defense of the malpractice claims that were filed against him."[8]

Also in fall of 2010, Defendant retained Plaintiff "to represent him in defense of claims made by Jay Watts against him with the Texas Commission for Lawyer Discipline" ("Texas Commission").[9] According to Plaintiff, the claims filed before the Texas Commission arose from the same set of facts as those in the Eastern District of Louisiana case.[10]

Based on the time spent by Plaintiff and its staff on these two matters, Plaintiffs seeks compensation for legal services in the amount of $193,000.[11]

## B. Procedural Background

On January 13, 2013, Plaintiff filed a Complaint seeking $193,000 in compensation for

---

[4] Civil Action No. 05-197 c/w 08-5095.

[5] Rec. Doc. 1 at ¶ 6.

[6] *Id.* at ¶ 7.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 9.

[9] *Id.* at ¶ 10.

[10] *Id.* at ¶ 11.

[11] *Id.* at ¶ 12.

2

services rendered.[12] On February 13, 2013, Defendant, proceeding *pro se*, filed "Defendant's Original Motion to Dismiss, Etc.,"[13] wherein Defendant appeared to answer the complaint and allege a number of defenses pursuant to Federal Rule of Civil Procedure 12(b). On July 3, 2013, after reviewing the motion, the opposition, and the numerous supplemental briefings, the Court found that it was "unable to fully address the issues raised because both parties' briefings are poorly organized, fail to outline the applicable standards with relevant precedent, and ask this Court to consider evidence outside of the pleadings, even though this is a motion to dismiss."[14] The Court denied Defendant's motion without prejudice and granted Defendant leave to refile a motion raising the same issues, but cured of the defects identified by the Court.[15]

On July 31, 2013, Defendant filed the pending "First Amended Original Motion to Dismiss, Etc."[16] On August 20, 2013, Plaintiff filed a memorandum in opposition.[17]

## II. Law & Analysis

### A. *Subject Matter Jurisdiction*

In the pending motion, Defendant first asserts that this Court lacks subject matter jurisdiction as there is not complete diversity between the parties. Specifically, Defendant asserts that Plaintiff, Jack W. Harang, APLC "has not met its burden of proof to show as an entity, it is not a Texas citizen

---

[12] Rec. Doc. 1.

[13] Rec. Doc. 7.

[14] Rec. Doc. 66.

[15] *Id.*

[16] Rec. Doc. 83.

[17] Rec. Doc. 105.

3

for diversity."[18] He therefore moves the Court to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1).[19]

The basis for federal subject matter jurisdiction of the present claim is diversity of citizenship pursuant to 28 U.S.C. § 1332. It is axiomatic that for subject matter jurisdiction based on diversity of citizenship, diversity between the parties must be complete.[20] For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[21]

In ruling on a Rule 12(b)(1) motion to dismiss, the Fifth Circuit has instructed that the district court may go outside the pleadings and consider additional facts, whether contested or not, and may even resolve issues of contested fact.[22] If the court considers external matters to the pleadings, the allegations of the complaint need not be taken as true.[23] If the factual matters considered outside the pleadings are undisputed, the court does not have to make specific factual findings for the record. Conversely, if the court is called upon to make factual determinations to support its order, the court should "identify and explain the factual determinations it has made."[24]

---

[18] Rec. Doc. 83 at p. 4.

[19] *Id.* at p. 1.

[20] *See, e.g.*, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267 (1806); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[21] 28 U.S.C. § 1332(c)(1).

[22] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *see also Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (distinguishing between a "facial attack" and a "factual attack" to subject matter jurisdiction).

[23] *Williamson*, 645 F.2d at 412–13 (explaining that on a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").

[24] *Id.* at 413–14.

The plaintiff bears the burden of proving that jurisdiction does in fact exist.[25]

In this case, there is a factual dispute regarding the citizenship of Plaintiff, Jack W. Harang, APLC. In its Complaint, Plaintiff alleges that Jack W. Harang, APLC is incorporated in Louisiana and has its principal place of business in the Parish of Orleans, State of Louisiana.[26] However, according to Defendant, in a case between these two parties in the United States District Court for the Southern District of Texas, a court "judicially determined [Jack W. Harang, APLC] to be a Texas resident, citizen, and domicile."[27]

In response, Plaintiff avers that Defendant's argument "is patently false as a total misrepresentation of Judge Atlas' Order."[28] According to Plaintiff, the court in the Southern District of Texas found that

> While Defendants (Jack W. Harang, APLC) may have created a fact issue on the citizenship of Jack W. Harang, APLC, Defendant's proof is insufficient to meet the burden to show the entity is not a Texas citizen for diversity purposes.[29]

Plaintiff contends that in the Southern District of Texas proceeding, Jack W. Harang, APLC soley relied on a corporate disclosure statement to demonstrate citizenship.[30] However, Plaintiff avers that for the proceedings in this Court, it has filed "the record from the Louisiana Secretary of State, which clearly shows that the Plaintiff, Jack W. Harang, APLC, is a Louisiana Corporation domiciled

---

[25] *Menchaca*, 613 F.2d at 511.

[26] Rec. Doc. 1.

[27] Rec. Doc. 83 at p. 2 (citing Rec. Doc. 25-1, *Newton B. Schwartz, Sr. v. Jack Warren Harang et al.*, No. H-13-0038, Memorandum and Order, dated April 10, 2013 (Atlas, J.)).

[28] Rec. Doc. 105 at p. 3.

[29] *Id.*

[30] *Id.*

5

in the State of Louisiana."[31]

The Court finds that Plaintiff has carried its burden of proving that Jack W. Harang, APLC is a citizen of Louisiana and that diversity therefore exists. Specifically, Plaintiff has submitted a record from the Louisiana Secretary of State demonstrating that Jack W. Harang, APLC is a professional law corporation, incorporated in Louisiana and with its principal place of business in New Orleans, Louisiana.[32] Thus, complete diversity exists as Plaintiff is a citizen of Louisiana and Defendant is a citizen of Texas, and Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

## *B. Personal Jurisdiction Over Defendant*

Second, Defendant contends that Plaintiff's claims against him should be dismissed for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[33]

When a district court does not conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction.[34] The Court shall accept as true that party's uncontroverted allegations, so long as the allegations are not merely conclusory, and shall resolve all factual conflicts in favor of the party seeking to invoke the Court's jurisdiction.[35]

In a diversity action, a federal court may exercise personal jurisdiction over a defendant only

---

[31] *Id.*

[32] Rec. Doc. 105-2.

[33] *Id.* at p. 5.

[34] *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)).

[35] *Id.*

6

to the extent permitted by the applicable law of the forum state, which in this case is Louisiana, and the Due Process Clause of the Fourteenth Amendment.[36] Recognizing that the Louisiana long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process,[37] the Court need only determine whether subjecting Defendant to suit in Louisiana would offend the Due Process Clause.[38]

In *Central Freight Lines Inc. v. APA Transport Corp.,* the Fifth Circuit laid out the framework for analyzing whether the Constitution permits a court to exercise personal jurisdiction. "The Due Process Clause of the Fourteenth Amendment protects an individual's liberty interest in not being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'"[39] For the Court's exercise of personal jurisdiction over a nonresident defendant to be consistent with due process, two factors must be satisfied. First, the defendant must have "'purposefully availed himself of the forum state by establishing 'minimum contacts' with the forum state.'"[40] Second, the exercise of personal jurisdiction must not "'offend traditional notions of fair play and substantial justice.'"[41] Minimum contacts "'can be established either through

---

[36] *Id.*

[37] *See* La. Rev. Statute 13:3201(B) (providing that "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States).

[38] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (1999) (noting that only the Due Process analysis is necessary).

[39] *Central Freight Lines Inc.*, 322 F.3d at 380 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[40] *Id.* (quoting *Mink v. AAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999)); *see also Int'l Shoe Co.* 326 U.S. at 316).

[41] *Central Freight Lines Inc.*, 322 F.3d at 380 (quoting *Mink*, 190 F.3d at 336); *see also Int'l Shoe Co.*, 326 U.S. at 316.

7

contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction.'"[42] When a nonresident defendant has "'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities,' the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant."[43] On the other hand, "[g]eneral jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but unrelated to the instant cause of action."[44]

In this case, Defendant's contacts are sufficient for specific jurisdiction. The litigation involves legal representation Plaintiff provided to Defendant in *Superior Diving Company, et al. v. Jay Watts, et al.*, a case before the United States District Court for the Eastern District of Louisiana.[45] Defendant "purposely directed [his] activities" at Louisiana when he had a Louisiana law firm represent him in a federal court in Louisiana. Furthermore, this Court's asserting jurisdiction over Defendant to resolve a fee dispute arising out of this representation would certainly not "offended traditional notions of fair play and substantial justice."

### *C. Improper Venue*

Next, Defendant urges that the pending matter should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[46] It appears that, according to Defendant, the proper venue would be the Southern District of Texas.

---

[42] *Central Freight Lines Inc.*, 322 F.3d at 381 (quoting *Mink*, 190 F.3d at 336).

[43] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

[44] *Id.* (quoting *Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

[45] *See* Rec. Doc. 1 at ¶ 5.

[46] Rec. Doc. 83 at p. 8.

Dismissal for improper venue is governed by 28 U.S.C. § 1406, which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought."[47] When venue is challenged on a Rule 12(b)(3) motion, the court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[48] Further, in deciding whether venue is proper, the court may look outside of the complaint and its attachments.[49]

Because the Court's jurisdiction in this matter is based on diversity of citizenship, venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.[50]

To be a proper venue under Section 1391(b)(2), the chosen venue does not have to be the place where the most relevant events took place, but the selected district's contacts still must be substantial.[51]

Here, Plaintiff has alleged that the events giving rise to this dispute concerned Plaintiff's

---

[47] 28 U.S.C. § 1406(a).

[48] *Braspetro Oil Services, Co. v. Modec (USA), Inc.,* 240 Fed. App'x 612, 615 (5th Cir. 2007); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237 (5th Cir. 2009) ("Our de novo review under . . . Rule 12(b)(3) requires us to view all the facts in the light most favorable to the plaintiff.").

[49] *Ambraco, Inc.*, 570 F.3d at 238.

[50] 28 U.S.C. § 1391(b).

[51] *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 Fed App'x 363, 365 (5th Cir. 2008); *see also Daniel v. American Bd of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (explaining that venue can be appropriate in more than one district, and "Section 1391(a)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred.").

representation of Defendant in this district, the Eastern District of Louisiana. In a matter pending before this Court, Plaintiff represented Defendant to enable Defendant to recovery attorneys' fees and to defend Defendant against claims of malpractice.[52] While Plaintiff also seeks to recover fees for his representation of Defendant before the Texas Commission, the claims before the Texas Commission concerned Defendant's conduct in the Eastern District of Louisiana.[53] Thus, the Court finds a "substantial part of the events or omissions giving rise to the claim occurred" in this district, and Defendant's motion to dismiss for improper venue is denied.

### D. Forum Non Conveniens

Finally, Defendant argues that this matter should be dismissed pursuant to the doctrine of *forum non conveniens*, as articulated in *Gulf Oil Corp. v. Gilbert*,[54] a case decided in 1947.

In *Gulf Oil*, the Supreme Court considered whether a federal district court sitting in diversity in New York could dismiss a tort action for damages on the grounds that Virginia provided a more appropriate locale for adjudicating the dispute.[55] While the Court instructed that the application of the common-law doctrine of *forum non conveniens* should be "rare," it nonetheless held that the doctrine could be exercised in both actions at law or in equity.[56] The doctrine of *forum non conveniens*, however, has evolved since *Gulf Oil*, and no longer applies when the alternative forum is domestic. As the Supreme Court explained in *Quackenbush v. Allstate Insurance Co.*:

> The dispute in *Gulf Oil* was over venue, not jurisdiction . . . . This transfer of venue function

---

[52] Rec. Doc. 1 at ¶¶ 7–8.

[53] *Id.* at ¶¶ 10–11.

[54] 330 U.S. 501 (1947).

[55] *Id.* at 503.

[56] *Id.* at 505.

of the *forum non conveniens doctrine* has been superseded by statute, *see* 28 U.S.C. § 1404(a); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264–265, 70 LE.2d 419 (1981), and to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common law *forum non conveniens* doctrine, we have done so only in "cases where the alternative forum is abroad." *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 986 n.2, 127 LE.2d 285 (1994) . . . .

Here, the alternative forum Defendant suggests is Texas, a domestic forum, thus making dismissal inappropriate. The proper procedural vehicle for moving the matter to Texas would be a motion to transfer pursuant to 28 U.S.C. § 1404. However, Defendant specifically states that he did not request a transfer "since venue transfer, is not [sic] longer an available option or permitted to a Texas State Court after Rec. Doc. 25 remand to State Court in Texas on April 10, 2012."[57] Defendant cannot attempt to circumvent 28 U.S.C. § 1404 by urging dismissal under doctrine of *forum non conveniens*, which is no longer applicable in the domestic context. Thus, Defendant's motion to dismiss under the doctrine of *forum non conveniens* is denied.

### III. Conclusion

For the reasons stated above, this matter should not be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, or *forum non conveniens*. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  16th  day of December, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 83. at p. 13. It appears that "Rec. Doc. 25" refers to a court order in another case. *See Newton B. Schwartz, Sr. v. Jack Warren Harang et al.*, No. H-13-0038, Memorandum and Order, dated April 10, 2013, S.D. Tex. (Atlas, J.).