UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK W. HARANG, APLC | CIVIL ACTION |
| VERSUS | NO. 13-0058 |
| NEWTON B. SCHWARTZ, SR. | SECTION: "G"(2) |

## ORDER AND REASONS

This litigation involves a dispute over fees for legal services that Plaintiff allegedly provided Defendant from late 2010 through early 2011. Before the Court is "Defendant's Motion for Leave to File Defendant's Motion to Take Judicial Notice of Related Order per Fed. R. Evid. 201(A)(B)(C) and/or (D)."[1] Although portions of Defendant's motion are incomprehensible, Defendant appears to request that the Court take judicial notice of an order issued by another section of this Court, dismissing an action brought by Plaintiff against another defendant for lack of personal jurisdiction. For the reasons that follow, the pending motion is denied.

## I. Background

### A. Factual Background

Plaintiff in this matter is Jack W. Harang, APLC ("Plaintiff"), a Louisiana professional law corporation with its principal place of business located in the Parish of Orleans, State of Louisiana.[2] Defendant is Newton B. Schwartz ("Defendant"), a natural person and citizen of Texas.[3] Defendant is an attorney.

According to Plaintiff, in late fall 2010, Defendant asked Plaintiff to represent him in the

---

[1] Rec. Doc. 93.

[2] Rec. Doc. 1 at ¶ 1.

[3] *Id.* at ¶ 2; *see also* Rec. Doc. 7, at p. 19.

matter of *Superior Diving Company, et al. v. Jay Watts, et al.*,[4] pending in the United States District Court for the Eastern District of Louisiana.[5] Plaintiff alleges that Defendant had previously represented Jay Watts ("Watts"), a party in that matter, and "had intervened therein for his attorney's fees costs and expenses."[6] Additionally, Watts had sued Defendant and others for malpractice.[7] Plaintiff was retained "to represent [Defendant Schwartz] personally for his claims as an intervenor and in defense of the malpractice claims that were filed against him."[8]

Also in fall of 2010, Defendant retained Plaintiff "to represent him in defense of claims made by Jay Watts against him with the Texas Commission for Lawyer Discipline" ("Texas Commission").[9] According to Plaintiff, the claims filed before the Texas Commission arose from the same set of facts as those in the Eastern District of Louisiana case.[10]

Based on the time spent by Plaintiff and its staff on these two matters, Plaintiffs seeks compensation for legal services in the amount of $193,000.[11]

## B. Procedural Background

On January 10, 2013, Plaintiff filed a Complaint seeking $193,000 in compensation for

---

[4] Civil Action No. 05-197 c/w 08-5095.

[5] Rec. Doc. 1 at ¶ 6.

[6] *Id.* at ¶ 7.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 9.

[9] *Id.* at ¶ 10.

[10] *Id.* at ¶ 11.

[11] *Id.* at ¶ 12.

services rendered.[12] On February 13, 2013, Defendant, proceeding *pro se*, filed "Defendant's Original Motion to Dismiss, Etc.,"[13] wherein Defendant appeared to answer the complaint and allege a number of defenses pursuant to Federal Rule of Civil Procedure 12(b).

On August 14, 2013, Defendant filed the pending "Motion for Leave to File Defendant's Motion to Take Judicial Notice of Related Order per Fed. R. Evid. 201(A)(B)(C) and/or (D),"[14] as an *ex parte* motion. On August 15, 2013, the Court issued an order noting that it was improper for Defendant to file the motion *ex parte*, and that the opposing party was entitled to an opportunity to respond.[15] The Court further explained that Defendant had failed to include a memorandum explaining and identifying which facts he wished the Court to take judicial notice.[16] The Court set the pending motion for hearing on September 25, 2013, and ordered that Defendant provide a memorandum to explain his request.[17] On August 22, 2013, Defendant filed a memorandum in support of the pending motion.[18] On September 17, 2013, Plaintiff filed a memorandum in opposition.[19]

## II. Law and Analysis

In the pending motion, Defendant asks this Court to take judicial notice of an opinion issued

---

[12] Rec. Doc. 1.

[13] Rec. Doc. 7.

[14] Rec. Doc. 93.

[15] Rec. Doc. 102.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 110.

[19] Rec. Doc. 131.

by United States District Court Judge Martin L.C. Feldman in *Jack W. Harang, APLC v. Daniel V. Alfarao*, Civil Action No. 13-2454. In that order, Judge Feldman granted Defendant Daniel Alfarao's motion to dismiss, finding that the court lacked personal jurisdiction over him.[20] While neither Defendant's motion nor his memorandum in support clearly articulate what facts he would have this Court notice, Defendant appears to contend that Judge Feldman's order "support[s] Defendant's prior allegations that Plaintiff Jack W. Harang, APLC and its alter-ego, Jack W. Harang, personally (whom Defendant was not permitted to join as a party) have used the Eastern District of Louisiana (EDLA) as a 'cottage industry' in which to forum shop and file several exclusively Texas based cause [sic] action in this District Court instead of in Texas where jurisdiction and venue clearly lie."[21] In response to Defendant, Plaintiff claims that "[a] fair and reasonable examination of [Judge Feldman's] Order reveals no fact that would in any way be relevant to these proceedings or is of no consequence in determining the collection action."[22]

Federal Rule of Evidence 201 provides that "a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[23] Rule 201, however, applies only to "adjudicative facts,"[24] and the Fifth Circuit has explicitly instructed that "a court cannot take judicial notice of another court's legal

---

[20] *See* Rec. Doc. 93-3.

[21] Rec. Doc. 110 at p. 1.

[22] Rec. Doc. 131 at p. 3.

[23] Fed. R. Evid. 201(b).

[24] Fed. R. Evid. 201(a).

4

determination . . . ."[25] This is because a legal determination "is neither an adjudicative fact within the meaning of Rule 201 nor beyond 'reasonable dispute.'"[26]

In this case, Defendant requests that the Court take judicial notice of another judge's determination that the court lacked personal jurisdiction over a defendant who is not a party to this case. This is an improper use of Rule 201. First, a determination concerning personal jurisdiction is a legal determination, not an adjudicative fact within the scope of Rule 201. Furthermore, whether a court in the Eastern District of Louisiana had personal jurisdiction over a defendant, who is not a party here, in an entirely different case is irrelevant to the case pending before this Court.

### III. Conclusion

For the reasons stated above, the Court will not take judicial notice of a legal determination in an separate, unrelated matter. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 16th day of December, 2013.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Taylor v. Charter Med. Grp.*, 162 F.3d 827, 831 (5th Cir. 1998).

[26] *Id.*