UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0058** |
| **NEWTON B. SCHWARTZ, SR.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

This litigation involves a dispute over fees for legal services that Plaintiff allegedly provided Defendant from late 2010 through early 2011. According to Plaintiff Jack W. Harang, APLC ("Plaintiff"), in late fall 2010, Defendant Newton B. Schwartz ("Defendant") retained Plaintiff in the matter of *Superior Diving Company, et al. v. Jay Watts, et al.* Defendant had previously represented a party in that case, and was looking to recover attorney's fees and defend against malpractice allegations. Plaintiff claims that Defendant also hired Plaintiff to represent him before the Texas Commission for Lawyer Discipline in connection with the same malpractice allegations. Based on the time spent by Plaintiff and its staff on these two matters, Plaintiffs seeks compensation for legal services in the amount of $193,000.[1]

Before the Court is "Defendant's Motion for Summary Judgment."[2] Defendant asserts that summary judgment is appropriate because:

> Plaintiff is unable to prove essential element or elements of its case, including (1) an Agreement and/or Contract to pay any attorneys and/or paralegal fees; and (2) that such alleged services in Rec. Doc. 1 are not documented with specificity and/or were performed, ratified, and/or accepted by Defendant; and (3) were not offset fully by credits and payments for legal services, including mutually reciprocated and/or furnishing 30 months valuable

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 167.

office space, staff, equipment, etc.[3]

In opposition to the motion, Plaintiff submits the affidavit of Jack W. Harang ("Harang"), claiming that this affidavit "provides the factual basis to support the Plaintiff's contentions and refute the Defendant's allegation that there is no issue of material fact to be considered by the jury."[4]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[8]

In this case, summary judgment is not warranted. There is conflicting evidence regarding whether there was an agreement between Plaintiff and Defendant for Plaintiff to provide legal services. If such an agreement existed, it is contested what the terms of payment would be, and whether Defendant would provide monetary compensation or in-kind benefits. At this juncture, it

---

[3] *Id.*

[4] Rec. Doc. 186 at p. 4; *see also* Rec. Doc. 186-2, Affidavit of Jack W. Harang, dated November 26, 2013.

[5] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

is not appropriate for the Court to weigh the evidence and resolve these factual disputes. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this <u>16th</u> day of December, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**