UNITED STATES DISTRICT COURT
11EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK W. HARANG, APLC | CIVIL ACTION |
| VERSUS | NO. 13-0058 |
| NEWTON B. SCHWARTZ, SR. | SECTION: "G"(2) |

### ORDER

Before the Court is Plaintiff Jack W. Harang, APLC's ("Plaintiff") "Motion to Strike That Portion of Defendant's First Amended Original Motion to Dismiss (Rec. Doc. 83) Which Constitutes an Untimely Amended Answer and for Sanctions Pursuant to 28 U.S.C. § 1927 and/or Federal Rule of Civil Procedure Rule 11."[1] After considering the motion, the memoranda in support, the memoranda in opposition, the record, and the applicable law, the Court will grant the motion in part and deny in part.

In its Motion to Strike, Plaintiff avers that Defendant Newton B. Schwartz's ("Defendant") "First Amended Original Motion to Dismiss, Etc.,"[2] which was filed on July 31, 2013, contains an improper amended answer:

> A close examination of that Pleading reveals that it contains a purported amended answer beginning on page fifteen (15) (relevant section attached as "Exhibit B") of a nineteen (19) page Pleading. This answer is materially and substantially different than the Defendant's original answer filed on February 13, 2013 and clearly represents an amended Pleading.[3]

Referencing the Court's Scheduling Order of May 6, 2013, Plaintiff asserts that it was "clear and unambiguous that any amendment to the pleading[s] had to be filed by June 5, 2013."[4] Further,

---

[1] Rec. Doc. 111.

[2] Rec. Doc. 83.

[3] Rec. Doc. 111-1 at p. 2.

[4] *Id.*

Plaintiff maintains that sanctions are appropriate as "[t]his Court should be outraged at the Defendant for the blatant attempt to hide in one pleading an amendment to another pleading."[5]

In opposition to the pending motion, Defendant avers that both requests should be denied because "[w]hile standing on its Rec. Doc. 7 pleading, and not waiving them by Rec. Doc. 83, Defendant timely, correctly and responsively complied with Rec. Doc. 66. Such was in compliance with Court Orders and ruling Rec. Doc. 66."[6]

A brief review of various filings in this matter sheds light on how Defendant allegedly filed an untimely answer. On January 10, 2013, Plaintiff filed its complaint.[7] On February 13, 2013, Defendant filed a responsive pleading, captioned "Defendant's Original Motion to Dismiss, Etc."[8] In pages one through twenty of his responsive pleading, Defendant appeared to make a motion to dismiss on various grounds listed in Federal Rule of Civil Procedure 12(b), including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim.[9] In pages twenty through twenty-three of his responsive pleading, Defendant included two sections entitled "Defendant's Answers—Subject to the Foregoing Motions and Objections" and "Affirmative Defenses"; this portion seemed to be styled as an answer to the complaint.[10]

On July 3, 2013, the Court entered an order denying "Defendant's Original Motion to

---

[5] *Id.* at p. 3.

[6] Rec. Doc. 122 at p. 2.

[7] Rec. Doc. 1.

[8] Rec. Doc. 7.

[9] *Id.* at pp. 1–20.

[10] *Id.* at pp. 20–23.

Dismiss, Etc."[11] without prejudice.[12] The Court explained:

> Upon reviewing the parties' briefings regarding this motion, the Court is unable to fully address the issues raised because both parties' briefings are poorly organized, fail to outline the applicable standards with relevant precedent, and ask this Court to consider evidence outside of the pleadings, even though this is a motion to dismiss.[13]

In denying the motion without prejudice, the Court granted Defendant "leave to refile a motion raising these issues, but cured of all the defects outlined above, by August 2, 2013."[14]

On July 31, 2013, Defendant filed "Defendant's First Amended Original Motions to Dismiss, Etc."[15] Like "Defendant's Original Motion to Dismiss, Etc.," the new motion contained what appeared to be a motion to dismiss on pages one through fifteen, and an answer to the complaint on pages fifteen through eighteen.[16] As Plaintiff notes, there are some differences between the answer contained in "Defendant's Original Motion to Dismiss, Etc." and the answer contained in "Defendant's First Amended Original Motions to Dismiss, Etc."[17]

In permitting Defendant to refile a motion clarifying the issues in his original motion to dismiss, the Court did not grant leave for Defendant to file an amended answer. Indeed, at the time of the Court's July 3, 2013 Order, the June 5, 2013 deadline to file amendments to the pleadings had already passed.[18] Therefore, the Court finds that portions of "Defendant's First Amended Original

---

[11] Rec. Doc. 7.

[12] Rec. Doc. 66.

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 83.

[16] *See id.*

[17] *See* Rec. Doc. 111-1 at p. 2.

[18] *See* Rec. Doc. 36 at p. 2.

Motions to Dismiss, Etc."[19] represent an improper amended answer and should be stricken.

With respect to sanctions, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any Court of the United States . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As the Fifth Circuit has explained, "The adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' *and* 'vexatious.'"[20] To satisfy these requirements, there must be "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[21] "Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed."[22]

In addition to 28 U.S.C. § 1927, a court may also enter sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides that when an attorney or unrepresented party submits a pleading to the court, that person certifies that any representations made to the court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support.[23] The district court may impose appropriate sanctions, including attorneys' fees and costs, where a pleading has been filed in violation of Rule 11.[24] A district court's decision

---

[19] Rec. Doc. 83.

[20] *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir, 1998).

[21] *Id.*

[22] *Id.*

[23] Fed. R. Civ. Pro. 11(b).

[24] Fed. R. Civ. P. 11(c).

to deny Rule 11 sanctions is reviewed for abuse of discretion, which "only occurs where no reasonable person could take the view adopted by the trial court."[25]

In this case, the Court finds that sanctions are not appropriate under either 28 U.S.C. § 1927 or Rule 11. The Court granted Defendant leave to refile his motion to dismiss in order to clarify the issues he was raising. In response, Defendant refiled the entire document, including the portion of his motion to dismiss that appeared to be an answer. Although the Court's July 3, 2013 Order did not extend the deadline for Defendant to amend his pleadings, it does not appear that Defendant's July 31, 2013 filing was unreasonable and vexatious; further, it does not appear that Defendant filed the pleading for any improper purpose. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Strike That Portion of Defendant's First Amended Original Motion to Dismiss (Rec. Doc. 83) Which Constitute an Untimely Amended Answer and for Sanctions Pursuant to 28 U.S.C. § 1927 and/or Federal Rule of Civil Procedure Rule 11"[26] is **GRANTED IN PART** and that the portion of Record Document 83 from Page 15, Section VII ("Defendant's Answers–Subject to and Presenting the Forgoing Motions and Objections") through Page 18 is stricken;

**IT IS FURTHER ORDERED** that Plaintiff's Motion is **DENIED IN PART** and that the Court will not impose sanctions on Defendant.

**NEW ORLEANS, LOUISIANA**, this  27th  day of January, 2014.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Bergquist v. FyBX Corp.*, 108 F. App'x 903, 904 (5th Cir. 2004).

[26] Rec. Doc. 111.