# UNITED STATES DISTRICT COURT
## 11EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0058** |
| **NEWTON B. SCHWARTZ, SR.** | **SECTION: "G"(2)** |

## <u>ORDER</u>

Before the Court is Defendant Newton B. Schwartz's "Cross-Motion for 28 U.S.C. § 1927 Sanctions."[1] After considering the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

In the pending motion, Defendant requests that sanctions "be awarded against Plaintiff [Jack W. Harang, APLC] and/or its counsel only Jack W. Harang for multiplying these proceedings unreasonably and vexatiously since filing Rec. Doc. 1, January 10, 2013."[2] "Defendant request[s] to be awarded his usual, customary reasonable and necessary excess attorney fee excess costs and excess expenses reasonably incurred because of such Plaintiff's conduct and that of counsel, Jack W. Harang."[3] Although the precise basis for sanctions is difficult to ascertain, Defendant appears to allege that sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 are warranted because Plaintiff filed a lawsuit without a proper basis for subject matter jurisdiction or personal jurisdiction.[4] Further, Defendant asserts that Plaintiff should have filed compulsory counterclaims in litigation between the parties in Texas, and that venue in the Eastern District of

---

[1] Rec. Doc. 132.

[2] *Id.*

[3] *Id.*

[4] *See* Rec. Doc. 132-1 at pp. 15–16.

Louisiana is improper.[5]

In opposition, Plaintiff asserts that Defendant has engaged in "a broad range of dilatory litigation tactics from the filing of duplicative pleadings—the Defendant has been found to have done this (Rec. Doc. 48)—baseless motions—Defendant's Motion to Compel (Rec. Doc. 12) serving needless discovery to persisting in a meritless argument or position—Defendant's position that Plaintiff is a Texas corporation, to making frivolous appeals—the Defendant's direct Appeal to the 5th Circuit (Rec. Doc. 108)."[6]

Title 28, United States Code, Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any Court of the United States . . .  who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As the Fifth Circuit has explained, "The adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' *and* 'vexatious.'"[7] To satisfy these requirements, there must be "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[8] "Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed."[9]

In addition to 28 U.S.C. § 1927, a court may also enter sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides that when an attorney or unrepresented party submits a pleading to the court, that person certifies that any representations made to the court are not being presented

---

[5] *See id.* at p. 7.

[6] Rec. Doc. 133.

[7] *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir, 1998).

[8] *Id.*

[9] *Id.*

for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support.[10] The district court may impose appropriate sanctions, including attorneys' fees and costs, where a pleading has been filed in violation of Rule 11.[11] A district court's decision to deny Rule 11 sanctions is reviewed for abuse of discretion, which "only occurs where no reasonable person could take the view adopted by the trial court."[12]

In this case, the Court finds that sanctions are not appropriate under either 28 U.S.C. § 1927 or Rule 11. The Court has expressly rejected Defendant's arguments regarding subject matter jurisdiction, personal jurisdiction, and venue,[13] as well as Defendant's assertion that these claims must be tried in Texas.[14] Therefore, now that Defendant urges the same arguments in the context of a motion for sanctions, the Court will again reject them. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Cross-Motion for Sanction is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  27th  day of January, 2014.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[10] Fed. R. Civ. Pro. 11(b).

[11] Fed. R. Civ. P. 11(c).

[12] *Bergquist v. FyBX Corp.*, 108 F. App'x 903, 904 (5th Cir. 2004).

[13] *See* Rec. Doc. 214.

[14] *See* Rec. Doc. 44; Rec. Doc. 117; Rec. Doc. 214.