# UNITED STATES DISTRICT COURT
# 11EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0058** |
| **NEWTON B. SCHWARTZ, SR.** | **SECTION: "G"(2)** |

## ORDER

Before the Court is Defendant Newton B. Schwartz's "Motion to be Recognized as Additional Counsel."[1] In the pending motion, Defendant requests that the Court "enroll Martina E. Cartwright, an attorney licensed to practice in the State of Louisiana and before the United States District Court for the Eastern District of Louisiana, as additional counsel for Newton B. Schwartz, Sr., along with Newton B. Schwartz, Sr.—still acting as counsel and pro se."[2] Plaintiff has filed a memorandum in opposition, asserting that Ms. Cartwright "is an attorney who was also involved in the defense of the Defendant in the Texas Disciplinary Proceeding in which the Plaintiff successfully defended him."[3] Plaintiff argues that it has listed Ms. Cartwright as a witness in this case, and thus her acting as counsel would violate Rule 3.7 of the Louisiana Rules of Professional Conduct, which provides that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."[4]

Although Defendant's motion suggests that Defendant is both serving as counsel and

---

[1] Rec. Doc. 248.

[2] *Id.*

[3] Rec. Doc. 250.

[4] *Id.*

proceeding *pro se*, the Court notes that he is not admitted to the bar of this Court and is only proceeding *pro se*. Title 28, United States Code, Section 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In *Lee v. State of Alabama*, the Fifth Circuit explained that under Section 1654, a party "ha[s] a right to represent himself or to be represented by counsel, but he ha[s] no right to a hybrid representation partly by himself and partly by counsel."[5] Accordingly, Ms. Cartwright cannot enroll as counsel while Defendant is proceeding *pro se*.

Further, the Court is concerned that Ms. Cartwright's serving as counsel may violate Rule 3.7 of the Louisiana Rules of Professional Conduct, which the Eastern District of Louisiana has specifically adopted pursuant to Local Rule 83.2.3. The conflict of interest addressed by Rule 3.7 is unwaivable; as the Fifth Circuit explained in *Horaist v. Doctor's Hosptial of Opelousas*, "[i]f a lawyer must testify adversely to a client's interest, the client cannot waive the conflict."[6] Accordingly, if Defendant wishes to proceed with Ms. Cartwright as counsel—rather than proceeding *pro se*—the Court must be fully briefed on this potential conflict.

---

[5] *Lee v. State of Ala.*, 406 F.2d 466, 469 (5th Cir. 1968); *see also United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) ("[T]here is no constitutional right to hybrid representation [on appeal]. . . . By accepting the assistance of counsel the criminal appellant waives his right to present *pro se* briefs on direct appeal."); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998) ("A defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel. . . . In the absence of such a right, we decline to accept Gwiazdzinski's *pro se* motion or brief."); *United States v. Tracy*, 989 F. 2d 1279, 1285 (1st Cir. 1993) ("Tracy contends that the district court erred in refusing to consider several *pro se* motions which were unsigned and which were filed . . . when Tracy was represented by counsel. A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel. The district court did not abuse its discretion in refusing to consider Tracy's unsigned, *pro se* motions."); *Mitchell v. Senkowski*, 489 F. Supp. 147, 150 (N.D.N.Y. 2006) ("[T]he Court rejects Plaintiff's *pro se* Motion, and dismisses same without prejudice to re-filing by counsel or re-filing by Plaintiff upon effective termination of attorney representation."); *United States v. Gallardo*, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995) ("Defendant fails to comprehend the difference between proceeding *pro se* and being represented by counsel. A person represented by an attorney cannot file *pro se* motions.")

[6] *Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).

In light of the forgoing,

**IT IS HEREBY ORDERED** that Defendant's "Motion to be Recognized as Additional Counsel"[7] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  20th  day of May, 2014.

                                       **NANNETTE JOLIVETTE BROWN**
                                       **UNITED STATES DISTRICT JUDGE**

---

[7] Rec. Doc. 248.