**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0058** |
| **NEWTON B. SCHWARTZ, SR.** | **SECTION: "G"(2)** |

<u>**ORDER AND REASONS**</u>

This litigation involves a dispute over fees for legal services that Plaintiff Jack W. Harang, APLC ("Plaintiff") allegedly provided Defendant Newton B. Schwartz ("Defendant") from late 2010 through early 2011. Before the Court is Plaintiff's "Motion to Strike Newton B. Schwartz, Sr. as an Expert Witness."[1] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will deny the motion. Also before the Court is Plaintiff's "Motion to Strike Patricia Stanat and Lynda Frost as Expert Witnesses."[2] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will deny the motion.

<u>**I. Background**</u>

**A. Factual Background**

Plaintiff in this matter is Jack W. Harang, APLC ("Plaintiff"), a Louisiana professional law corporation with its principal place of business located in the Parish of Orleans, State of Louisiana.[3] Defendant is Newton B. Schwartz ("Defendant"), a natural person and citizen of Texas.[4]

---

[1] Rec. Doc. 254.

[2] Rec. Doc. 255.

[3] Rec. Doc. 1 at ¶ 1.

[4] *Id.* at ¶ 2; *see also* Rec. Doc. 7, at p. 19.

According to Plaintiff, in late fall 2010, Defendant consulted with Jack W. Harang ("Harang"), an attorney practicing with Plaintiff, to represent Defendant in the matter of *Superior Diving Company, et al. v. Jay Watts, et al.*,[5] pending in the United States District Court for the Eastern District of Louisiana.[6] Plaintiff alleges that Defendant had previously represented Jay Watts ("Watts"), a party in that matter, and "had intervened therein for his attorney's fees costs and expenses."[7] Additionally, Watts had sued Defendant and others for malpractice.[8] Plaintiff was retained "to represent him [Schwartz] personally for his claims as an intervenor and in defense of the malpractice claims that were filed against him."[9]

Also in fall of 2010, Defendant retained Plaintiff "to represent him in defense of claims made by Jay Watts against him with the Texas Commission for Lawyer Discipline" ("Texas Commission").[10] According to Plaintiff, the claims filed before the Texas Commission arose from the same set of facts as those in the Eastern District of Louisiana case.[11]

Based on the time spent by Plaintiff and its staff on these two matters, Plaintiffs seeks compensation for legal services in the amount of $193,000.[12]

---

[5] Civil Action No. 05-197 c/w 08-5095.

[6] Rec. Doc. 1 at ¶ 6.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 7.

[9] *Id.* at ¶ 9.

[10] *Id.* at ¶ 10.

[11] *Id.* at ¶ 11.

[12] *Id.* at ¶ 12.

**B.      Procedural Background**

On January 10, 2013, Plaintiff filed a Complaint seeking $193,000 in compensation for services rendered.[13] On May 21, 2014, Plaintiff filed the pending "Motion to Strike Newton B. Schwartz, Sr. as an Expert Witness,"[14] and on May 28, 2014, Defendant filed a memorandum in opposition.[15] With leave of the Court, Plaintiff filed a reply on May 30, 2014.[16] Also on May 21, 2014, Plaintiff filed the pending "Motion to Strike Patricia Stanat and Lynda Frost as Expert Witnesses,"[17] and on May 28, 2014, Defendant filed a memorandum in opposition.[18] With leave of the Court, Plaintiff filed a reply on May 30, 2014.[19]

**II. Plaintiff's "Motion to Strike Newton B. Schwartz, Sr. as an Expert Witness"**

**A.      Parties' Arguments**

Plaintiff first addresses "the opinions of Mr. Schwartz relative to the reasonable rental value of office space allegedly used by Mr. Schwartz,[20] the value of services rendered by Schwartz's office staff to Jack W. Harang, individually, in a case involving Delta Moving in Texas and for Jack W. Harang, individually, in Family Court in Travis County, Texas."[21] According to Plaintiff, "[t]hese

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 254.

[15] Rec. Doc. 261.

[16] Rec. Doc. 269.

[17] Rec. Doc. 255.

[18] Rec. Doc. 260.

[19] Rec. Doc. 268.

[20] The Court notes that it appears that "Mr. Schwartz" is a typo and that the reference should be to Mr. Harang.

[21] Rec. Doc. 254-1 at p. 1.

3

matters are once again counterclaims and setoffs that are not properly before the Court."[22] Second,

Plaintiff turns to "[t]he remainder of the Defendant's expert report [that] seeks to give expert legal

opinion on the value of the services performed by the Plaintiff on the Defendant's behalf."[23] Plaintiff

argues that Newton B. Schwartz is "enjoined by the Louisiana Supreme Court from practicing law

in the State of Louisiana" and thus "to give an expert legal opinion on matters may be interpreted

as the practice of law, and therefore in violation of this State Supreme Court's Order prohibiting Mr.

Schwartz form [sic.] acting as an attorney within the borders of this state."[24]

In opposition to the pending motion, Defendant asserts that Plaintiff's motion "comes too

late and not in compliance with Rec. Docs. 26 and 234's deadline; and no cause, much less good

cause, was alleged or shown for such substantially prejudicial delay to Defendant."[25] Addressing the

substance of Plaintiff's motion, Defendant contends:

> Plaintiff cites no legal or factual basis under either: FRCP 8(c) and Fed. R. Evid. 702,
> 703, or 704 or *Daubert* challenges to Rec. Doc. 254-2, Exhibit A, no authorities is
> [sic.] cited and none exist or can be found for Plaintiff's unfounded unsupportable
> misinterpretation of the Louisiana Supreme Court Order, concerning Defendant's pro
> se 'constitutional right to do so' per 28 USC § 1654. Implicit in this is his statutorily
> protected right to testify on his own behalf, both factually and on this Record as a
> qualified and uncontested expert, Rec. Doc. 254-2, Exhibit A and his qualifications
> and threshold bases to render such Exhibit A opinions (Rec. Doc. 254-2) as an expert
> witness are allowed otherwise per above Fed. R. Evid. 702(a)–(d)—704 inclusively
> and under *Daubert v. Merrell Dow Pharm.*, 509 US 579, 589, 590. Defendant has
> standing to so testify as an unchallenged expert witness.[26]

In its reply, Plaintiff reiterates its argument that Defendant is not authorized to render an

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at pp. 1–2.

[25] Rec. Doc. 261 at 1.

[26] *Id.* at p. 4.

expert legal opinion.[27]

**B.      Law and Analysis**

As a preliminary matter, the Court addresses the timeliness of Plaintiff's motion. Defendant is correct that the Court's Revised Scheduling Order provides that "[m]otions in limine regarding the admissibility of expert testimony shall be filed and served in sufficient time to permit hearing thereon no later than May 14, 2014."[28] However, even if Plaintiff had not filed a motion in limine, it would still be able to object to the admissibility of this testimony when such evidence is offered at trial or the Court could raise the issue sua sponte.[29] Accordingly, the Court will address the merits of Plaintiff's motion in the interest of efficiently resolving as many issues as practicable prior to trial.

Plaintiff's first objection to Schwartz's expert report is that Mr. Schwartz's opinions regarding the rental value of certain office space as well as the value of legal services provided in Jack Harang's personal litigation is irrelevant. As explained in detail in this Court's June 12, 2014 Order, this testimony could be relevant to Defendant's affirmative defensives.[30] However, neither party has addressed the scope of Defendant's defenses to date providing the Court with no context within which to evaluate the relevance of the evidence proposed. In its June 12, 2014 Order, the Court denied Plaintiff's request to exclude "any mention, evidence, testimony and/or argument of an outstanding loan agreement and expense/reimbursement agreement dated December 31, 2009

---

[27] Rec. Doc. 269 at p. 1.

[28] Rec. Doc. 234.

[29] *Cf. Luce v. United States*, 469 U.S. 38 (1984) (defining a motion in limine as "any motion, whether made before or during trial to exclude anticipated prejudicial evidence before evidence is actually offered").

[30] *See* Rec. Doc. 281.

and/or November 6, 2013; any mention, evidence, testimony and/or argument of an alleged sublease by the Defendant of an office located at 1911 Southwest Freeway, Houston, Texas 77098; and any mention, evidence, testimony and/or argument of the litigation of Jack W. Harang, individually, in these matters of Harang vs. Delta Moving Services, Ltd. and/or Candace Andrews vs. Jack Warren Harang to the extent this evidence goes toward Defendant's affirmative defenses."[31] Plaintiff has not provided the Court with any further explanation of its position to require modification of its earlier ruling.

Plaintiff's second objection is that Schwartz is not qualified to offer an expert legal opinion on the value of the services performed by the Plaintiff on the Defendant's behalf suggesting that the mere fact that he is a party to the litigation would prevent it**.** In *Rodriguez v. Pacificare of Texas, Inc.*, the Fifth Circuit held that a party may testify as an expert.[32] The Fifth Circuit noted, "nothing in the Federal Rules of Evidence prohibits a party from serving as an expert witness. The fact that the witness is a party is properly considered when the court assesses the witnesses' credibility."[33] Similarly, in *Lightfoot v. MXEnergy Electric, Inc.*, the Fifth Circuit held that an "interested witness" could testify as an expert witness.[34] Accordingly, Schwartz being a party to the action does not preclude him from testifying as an expert witness. However, prior to giving testimony as an expert, the Court will require Mr. Schwartz to show that he is qualified to testify as an expert witness and that his expert testimony is reliable.

---

[31] *Id.* at p. 22 (internal quotation marks and alterations omitted).

[32] *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).

[33] *Id.*

[34] *Lightfoot v. MXEnergy Elec., Inc.*, 690 F.3d 352 (5th Cir. 2012) (stating "that he was an interested expert witness, testifying on behalf of MX while also serving as its CEO, goes to the weight, not the admissibility, of his testimony").

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702.[35] Rule 702, which governs the admissibility of expert witness testimony, provides that an expert witness "qualified . . . by knowledge, skill, experience, training or education," may testify when "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."[36] For the testimony to be admissible, Rule 702 establishes the following requirements:

> (1) the testimony [must be] based upon sufficient facts or data,
>
> (2) the testimony [must be] the product of reliable principles and methods, and
>
> (3) the witness [must apply] the principles and methods reliably to the facts of the case.

In *Daubert*, the Supreme Court held that Rule 702 requires the district court to act as a "gatekeeper" to ensure that "any and all scientific evidence admitted is not only relevant, but reliable."[37] The Court's gatekeeping function thus involves a two-part inquiry into reliability and relevance.

First, the Court must determine whether the proffered expert testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence.[38] The reliability inquiry requires the Court to assess whether the reasoning or methodology

---

[35] *See General Electric Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000) (citations omitted).

[36] Fed. R. Evid. 702; *see also Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[37] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the *Daubert* gatekeeping function applies to all forms of expert testimony).

[38] *See Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir.1998) (citing *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717 (3rd Cir.1994)).

underlying the expert's testimony is valid.[39] The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation.[40]

*Daubert* identified a number of factors that are useful in analyzing reliability of an expert's testimony: (1) whether the theory has been tested, (2) whether the theory has been subject to peer review and publication, (3) any evaluation of known rates of error, (4) whether standards and controls exist and have been maintained with respect to the technique, and (5) general acceptance within the scientific community.[41] In *Kumho Tire*, the Supreme Court emphasized that the test of reliability is "flexible" and that *Daubert*'s list of specific factors does not necessarily nor exclusively apply to every expert in every case.[42] In addition to the five factors laid out in *Daubert*, a trial court may consider other factors, such as (1) whether the expert's opinion is based on incomplete or inaccurate data; (2) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion; and (3) whether the expert has adequately accounted for alternative explanations.[43] The overarching goal "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[44]

---

[39] *See Daubert*, 509 U.S. at 589.

[40] *See id.* at 590.

[41] *See id.* at 592–94.

[42] *Kumho Tire*, 526 U.S. at 142; *see also Seatrax*, 200 F.3d at 372 (explaining that reliability is a fact-specific inquiry and the application of *Daubert* factors depends on the "nature of the issue at hand, the witness's particular expertise and the subject of the testimony").

[43] *See, e.g., Black v. Food Lion Inc.*, 171 F.3d 308, 313 (5th Cir. 1999); *Moore*, 151 F.3d at 278–79 (5th Cir. 1998); *In re Vioxx Products Liability Litigation*, 401 F. Supp. 2d 565, 573 (E.D. La. 2005) (Fallon, J.).

[44] *Kumho Tire*, 526 U.S. at 152.

The Court must also determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence—in other words, whether it is relevant. The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[45]

The Court notes that its role as a gatekeeper does not replace the traditional adversary system.[46] As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[47] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[48]

In the instant case, Plaintiff contends Schwartz is not qualified to offer an expert legal opinion on the value of the services performed by the Plaintiff on the Defendant's behalf because Schwartz "is not authorized to render a legal opinion in the State of Louisiana because of limitations recently placed on him by the Supreme Court of the State of Louisiana."[49] In a February 14, 2014 opinion in *In re Seth Cortigene and Newton B. Schwartz, Sr.*, the Louisiana Supreme Court determined that Mr. Schwartz had engaged in unauthorized practice of law in Louisiana.[50] In

---

[45] Fed. R. Evid. R. 401.

[46] *See Daubert*, 509 U.S. at 596.

[47] *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[48] *Id.* (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420 (5th Cir. 1987).

[49] Rec. Doc. 269 at 1.

[50] *In re Cortigene*, 2013-2022 (La. 2/14/14), —So. 3d—, at *5.

sanctioning Mr. Schwartz, the Louisiana Supreme Court stated:

> Accordingly, we hereby adjudge Mr. Schwartz guilty of conduct which would warrant a three-year suspension from the practice of law if he was a member of our bar. Recognizing that he is not a member of the bar, we order that Mr. Schwartz shall be enjoined for a period of three years from the date of this order from seeking full admission to the Louisiana bar or seeking admission to practice in Louisiana on any temporary or limited basis, including, but not limited to, seeking *pro hac vice* admission before a Louisiana court pursuant to Supreme Court Rule XVII, § 13 or seeking limited admission as an in-house counsel pursuant to Supreme Court Rule XVII, § 14.[51]

In the instant case, the Court must balance Mr. Schwartz's right to represent himself with the Louisiana Supreme Court ruling. Also, with respect to him testifying as an expert, that in and of itself is not "the practice of law," while the disciplinary action taken against him may go toward his credibility as a witness or the weight his testimony should be given.

Although Plaintiff argues that Schwartz is not qualified to offer an expert legal opinion on the value of the services performed by the Plaintiff on the Defendant's behalf, Plaintiff does not raise the issue of whether Schwartz's testimony meets the basic requirements of Rule 702. Rule 702 requires that expert testimony (1) be based upon sufficient facts or data, (2) is the product of reliable principles and methods, and (3) applies the principles and methods reliably to the facts of the case.

In his expert report, Schwartz asserts:

> I am a competent Texas and Pennsylvania lawyer. I cannot form a reasonable belief that these above hours pled and $500 per hour and $100 per hour fees respectively alleged in Rec. Doc 1 are reasonable. This is especially so when compared to the actual hours and services voluntarily performed and the services in said four (1-4 above) exhibits actually referenced and/or as alleged in Rec. Doc 1 were not performed adequately or satisfactorily.[52]

However, Schwartz does not provide any explanation of the reasoning or methodology used in

---

[51] *Id.* at *8.

[52] Rec. Doc. 254-2 at p. 4.

forming his opinion regarding the value of legal services performed. Schwartz also asserts he is qualified to testify as to the "fair market value in Houston, Harris County, Texas of the accounting costs and basis of rental value of the offices and space of 1911 Southwest Freeway, Houston, Texas 77098" based on his 50 plus years of experience in Harris County realty and his management of 940 new apartments in Harris County and Walker County, Texas.[53] However, Schwartz does not provide any explanation of the reasoning or methodology used in forming his opinion regarding fair market value.

"The purpose of the [*Daubert*] assessment is to ensure reliability, and the inquiry is flexible. The court has wide latitude in making its determination. No separate hearing is necessary."[54] "A district court's *Daubert* inquiry need not take any specific form, and its sua sponte consideration of the admissibility of expert testimony is permissible so long as the court has an adequate record on which to base its ruling."[55] Because the parties provide the Court with absolutely no information on the basis of Schwartz's analysis, methodology or conclusions, nor does Plaintiff provide any argument against the analysis, methodology or conclusions applied, the Court is unable to assess the reliability of Schwartz's proposed expert testimony. Accordingly, Plaintiff's "Motion to Strike Newton B. Schwartz, Sr. as an Expert witness is denied, and the Court finds it proper to allow voir dire (a *Daubert* hearing) of Schwartz prior to his testimony at trial to determine the reliability of the

---

[53] *Id.* at p. 6.

[54] *United States v. Hoang*, 285 F. App'x 133, 136 (5th Cir.2008) (citing *United States v. Hicks*, 389 F.3d 525 (5th Cir. 2004)).

[55] *Miller v. Baker Implement Co.*, 439 F.3d 407, 413 (8th Cir.2006) (citing *Kirstein v. Parks Corp.*, 159 F.3d 1065, 1067 (7th Cir.1998)); *Cf. Placida Prof'l. Ctr., LLC v. Fed. Deposit. Ins. Corp.*, 512 F. App'x 938, 954 (11th Cir.2013) (citation and quotation omitted) ("*Daubert* hearings are not required...and the district court was under no obligation to conduct a *Daubert* hearing to provide [plaintiff's expert] an additional opportunity to lay the foundation for his testimony.").

reasoning or methodology underlying Schwartz's testimony.

### III. Plaintiff's "Motion to Strike Patricia Stanat and Lynda Frost as Expert Witnesses"

#### A.    Parties' Arguments

In support of its motion, Plaintiff avers that Stanat's and Frost's reports "deal[] totally with financial record keeping and accounting records of alleged counterclaims and setoff that Defendant, Newton B. Schwartz, Sr. has repeatedly tried to assert even though this Honorable Court has denied the inclusion of these claims in these proceedings."[56] Plaintiff contends that these experts should be stricken due to "the complete lack of relevancy and/or probative value."[57]

In opposition, Defendant contends that Plaintiff's motion is untimely, being filed after the deadline for motions in limine regarding expert testimony.[58] Further, Defendant argues that Stanat's and Frost's testimony relates to his affirmative defenses.[59]

In its reply, Plaintiff restates its position that Stanat's and Frost's testimony is irrelevant as it goes toward Plaintiff's disallowed counterclaims.

#### B.    Law and Analysis

As explained above, while cognizant of the untimeliness issue, Court will address the merits of Plaintiff's motion in the interest of efficiently resolving as many issues as practicable prior to trial.  The Court again rejects Plaintiff's characterization of the proposed evidence as relating only to the  forbidden counterclaims as irrelevant. As explained in detail in this Court's June 12, 2014

---

[56] Rec. Doc. 255-1 at p. 1.

[57] *Id.*

[58] Rec. Doc. 260 at pp. 1–2.

[59] *Id.* at p. 4–8.

Order, although the Court disallowed Defendant's proposed counterclaims, Defendant has asserted numerous affirmative defenses.[60] Plaintiff acknowledged Defendant's defenses in the parties' joint statement of facts contained in the pre-trial order, yet has never challenged the validity or adequacy of those defenses. Accordingly, the testimony of Frost and Stanat appear relevant to these defenses at this time.

### IV. Conclusion

In light of the foregoing analysis,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Strike Newton B. Schwartz, Sr. as an Expert Witness"[61] is **DENIED** and the Court will allow voir dire of Mr. Schwartz during trial and otherwise hold a *Daubert* hearing on the issue at that time.

---

[60] *See* Rec. Doc. 281.

[61] Rec. Doc. 254.

13

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike Patricia Stanat and Lynda Frost as Expert Witnesses"[62] is **DENIED** and the Court will allow Stanat's and Frost's testimony to the extent that such evidence is used in support of Defendant's affirmative defenses as noted above.

**NEW ORLEANS, LOUISIANA**, this  19th day of June, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[62] Rec. Doc. 255.