UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACK W. HARANG, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-58** |
| **NEWTON B. SCHWARTZ** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Jack W. Harang, APLC's ("Plaintiff") "Motion for Reconsideration of Court's Order and Reasons with Regard to Plaintiff's Motion in Limine (Rec. Doc. 281),"[1] wherein Plaintiff "moves this Honorable Court to reconsider its Order and Reasons dated June 12, 2014 denying and granting in part Plaintiff's Motion in Limine."[2] After considering the pending motion, the memorandum in support, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

### *A. Factual Background*

Plaintiff in this matter is Jack W. Harang, APLC, a Louisiana professional law corporation with its principal place of business located in the Parish of Orleans, State of Louisiana.[3] Defendant is Newton B. Schwartz ("Defendant"), a natural person and citizen of Texas.[4]

According to Plaintiff, in late fall 2010, Defendant consulted with Jack W. Harang ("Harang"), an attorney practicing with Plaintiff, to represent Defendant in the matter of *Superior*

---

[1] Rec. Doc. 284.

[2] Rec. Doc. 284-1 at 1.

[3] Rec. Doc. 1 at ¶ 1.

[4] *Id.* at ¶ 2; *see also* Rec. Doc. 7, at p. 19.

*Diving Company, et al. v. Jay Watts, et al.*,[5] pending in the United States District Court for the Eastern District of Louisiana.[6] Plaintiff alleges that Defendant had previously represented Jay Watts ("Watts"), a party in that matter, and "had intervened therein for his attorney's fees costs and expenses."[7] Additionally, Watts had sued Defendant and others for malpractice.[8] Plaintiff was retained "to represent him [Schwartz] personally for his claims as an intervenor and in defense of the malpractice claims that were filed against him."[9]

Also in fall of 2010, Defendant retained Plaintiff "to represent him in defense of claims made by Jay Watts against him with the Texas Commission for Lawyer Discipline" ("Texas Commission").[10] According to Plaintiff, the claims filed before the Texas Commission arose from the same set of facts as those in the Eastern District of Louisiana case.[11]

Based on the time spent by Plaintiff and its staff on these two matters, Plaintiffs seeks compensation for legal services in the amount of $193,000.[12]

---

[5] Civil Action No. 05-197 c/w 08-5095.

[6] Rec. Doc. 1 at ¶ 6.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 7.

[9] *Id.* at ¶ 9.

[10] *Id.* at ¶ 10.

[11] *Id.* at ¶ 11.

[12] *Id.* at ¶ 12.

*B. Procedural Background*

Plaintiff filed a motion in limine on May 20, 2014.[13] On June 12, 2014, the Court granted in part and denied in part that motion.[14] On June 16, 2014, Plaintiff filed the pending "Motion for Reconsideration of Court's Order and Reasons with Regard to Plaintiff's Motion in Limine (Rec. Doc. 281)."[15] Defendant did not file an opposition.

## II. Parties' Arguments

*A. Harang's Motion for Reconsideration*

In support of its motion for reconsideration, Plaintiff argues that Defendant cannot raise his affirmative defenses. According to Plaintiff, a necessary element of Defendant's first defense of accord and satisfaction is "a disputed claim by the debtor and an acceptance of the tender by the creditor."[16] Also essential for this defense, according to Plaintiff, is that "the creditor understands that the payment is tendered in full settlement of the dispute."[17] However, according to Plaintiff, "[t]here has never been an agreement between the Plaintiff and Defendant with regard to the disputed indebtedness and the evidence sought by the Defendant to be introduced cannot relate to an accord and satisfaction and must be excluded as it applies to that affirmative defense."[18]

---

[13] Rec. Doc. 251.

[14] Rec. Doc. 281.

[15] Rec. Doc. 284.

[16] Rec. Doc. 284-1 at 2.

[17] *Id.*

[18] *Id.* at 3.

Secondly, Plaintiff argues that the evidence Defendant seeks to introduce "is unrelated to the affirmative defense of estoppel and must be excluded."[19] Likewise, regarding Schwartz's third affirmative defense, failure of consideration, Harang asserts that, "analysis of the evidence sought to be introduced by the Defendant and which the Plaintiff seeks to exclude has no factual relationship to an affirmative defense of Failure of Consideration, and for that reason, should be excluded."[20] Plaintiff makes the same assertion regarding Defendant's fourth affirmative defense, fraud, stating, "[i]t is inconceivable how this evidence sought to be introduced by the Defendant and which the Plaintiff seeks to exclude has any relationship or support of the affirmative defense of fraud."[21]

Regarding Defendant's fifth affirmative defense, payment, Plainiff states that "the evidence sought to be introduced by the Defendant and which the Plaintiff seeks to exclude does not factually support the affirmative defense of payment."[22] According to Plaintiff, "[t]he loan agreement and expense/reimbursement agreement, Exhibits 'A'-'A7' are dated December 31, 2009 and predate the representation of the Defendant by the Plaintiff by several months. The Defendant has also conceded that these same claims against the Plaintiff are presently pending in Harris County Texas State Court (Rec. Doc. 35-3) where the Defendant has sued the Plaintiff for several hundreds of thousands of

---

[19] *Id.*

[20] *Id.* at 4.

[21] *Id.*

[22] *Id.*

4

dollars."[23] For that reason, Plaintiff concludes that "this evidence does not and cannot support the affirmative defense of payment, and for that reason, should be excluded."[24]

Finally, regarding Schwartz's sixth affirmative defense, *res judicata*, Plaintiff states that "*res judicata* is not applicable to these proceedings as the Texas State Court case has not been decided and is presently set for trial on August 25, 2014."[25] Plaintiff also makes general allegations that Defendant's affirmative defenses fail to meet the pleading standards under *Bell Atlantic v. Twombly*[26] and *Rogers v. McDorman*.[27] Plaintiff concludes by arguing that "there is no factual scenario where the Defendant could reasonably introduce the evidence sought by the Plaintiff to be excluded when the legal and jurisprudential definition of the affirmative defenses pled by the Defendant is considered. For those reasons, the evidence sought to be introduced should be excluded."[28]

### A. Schwartz's Opposition

No opposition was filed by Schwartz.

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 5.

[26] 550 U.S. 544, 570.

[27] 521 F.3d 381, 385 (5th Cir. 2008).

[28] Rec. Doc. 284-1 at 6.

## III. Law and Analysis

*A. Standard on a Motion to Reconsider*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[29] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[30] When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[31]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[32] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[33]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. Such a motion "calls into question the correctness of

---

[29] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[30] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3–4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[31] Fed. R. Civ. Pro. R. 54(b).

[32] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[33] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002)

6

a judgment,"[34] and courts have considerable discretion in deciding whether to grant such a motion.[35] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[36] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[37]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[38] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[39] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already

---

[34] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[35] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[36] *Id.* at 355–56.

[37] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (citations omitted).

[38] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[39] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

been advanced by a party."[40] Furthermore, a court "will not consider an issue raised for the first time in a Motion for Reconsideration."[41] Such arguments are deemed to be waived.[42]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[43] and the motion must "clearly establish" that reconsideration is warranted.[44] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[45]

## B. Harang's Asserted Grounds for Reconsideration

In this case, Plaintiff contends that reconsideration is warranted because the evidence Defendant seeks to submit cannot support his affirmative defenses. As stated above, a manifest error of fact or law or discovery of new evidence would be grounds for reconsideration pursuant to Rule 59(e). Plaintiff, however, has not demonstrated that any of the enumerated grounds for reconsideration exist. To the contrary, Plaintiff seeks to "rehash[ ] . . . legal theories[] [and]

---

[40] *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[41] *Lincoln General Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007) (quoting *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999)).

[42] *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (cited with approval in *Lincoln General Ins.*, 501 F.3d at 442)).

[43] *Templet.*, 367 F.3d at 478–79.

[44] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[45] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

arguments"[46] already decided by the Court in its prior order denying in part Plaintiff's motion in limine. Additionally, Plaintiff raises new arguments for the first time that could have been raised in the original motion in limine.

In Plaintiff's motion in limine, Plaintiff contended that the evidence Defendant seeks to admit was irrelevant because Defendant has not properly pleaded "offsets."[47] In Plaintiff's motion for reconsideration, Plaintiff asserts that the evidence Defendant seeks to introduce is irrelevant not only because Defendant has not properly pleaded offsets but because Defendant has not properly pleaded any of Defendant's six affirmative defenses.[48] Additionally, Plaintiff argues that the evidence neither relates to nor supports any of Defendant's six affirmative defenses.[49]

Plaintiff has not articulated how any of the four factors courts use in evaluating Rule 59 motions apply in this case. Plaintiff does not explain how its motion to reconsider is necessary to correct a manifest error of law or fact. Likewise, Plaintiff does not bring newly discovered or previously unavailable evidence to the Court's attention. Similarly, Plaintiff fails to explain how the motion is necessary in order to prevent manifest injustice. Finally, Plaintiff does not claim the motion is justified by an intervening change in controlling law.

Furthermore, the Court has already ruled on the merits of and rejected the arguments Plaintiff rehashes here. Plaintiff's reiteration of identical arguments is not sufficient grounds for this Court to grant Plaintiff's motion for reconsideration.

---

[46] *Templet*, 367 F.3d at 478–79.

[47] Rec. Doc. 251-1 at 3.

[48] Rec. Doc. 284-1 at 5.

[49] *Id.* at 3–5.

Finally, the new arguments Plaintiff brings could have been raised in Plaintiff's original motion in limine but were not. Therefore, these arguments are deemed waived.[50] However, even on their merits, the arguments would not be convincing. Vague, conclusory assertions not supported by pertinent caselaw are not persuasive. While Plaintiff asserts in general terms that Defendant's affirmative defenses do not meet the pleading standard of Federal Rule of Civil Procedure 8(a) and that the evidence bears no relationship to the affirmative defenses, Plaintiff does not explain these assertions. Plaintiff fails to explain how the evidence Defendant seeks to introduce does not support Defendant's affirmative defenses. Similarly, Plaintiff fails to explain how each affirmative defense fails to meet the pleading standards under Federal Rule of Civil Procedure 8(a).

More importantly, what it appears Plaintiff in fact is seeking to do is use the procedural vehicle of "reconsideration" not only to raise arguments it could or should have made in its original pleading, but also attempts to use reconsideration as a guise to file a long out of time dispositive motion directed at Defendant's defenses that Plaintiff failed to recognize were at issue.

## V. Conclusion

For the reasons stated above, the Court finds that Plaintiff does not articulate any grounds for reconsideration of its motion, as the Plaintiff does not assert that the Court committed manifest error in denying Plaintiff's motion in limine. Moreover, the Court finds that the Plaintiff does not present new evidence, does not explain how reconsideration is necessary to prevent a manifest injustice, and does not point to any change in law. Plaintiff has merely rehashed previous arguments and raised new arguments that could have been made in its motion in limine. Accordingly,

---

[50] *Mungo*, 355 F.3d at 978.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Reconsideration of Court's Order and Reasons with Regard to Plaintiff's Motion in Limine (Rec. Doc. 281)"[51] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 20th day of June, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] Rec. Doc. 284.