UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK W. HARANG, APLC                                CIVIL ACTION

VERSUS                                              NO. 13-58

NEWTON B. SCHWARTZ, SR.                             SECTION: "G"(2)

## ORDER

This litigation involves a dispute over fees for legal services that Plaintiff Jack W. Harang, APLC ("Plaintiff") provided Defendant Newton B. Schwartz ("Defendant") from late 2010 through early 2011. Six motions filed by Defendant are pending before the Court:

1. "Defendant's Motion for Judgment as a Matter of Law per F. R. Civ. P. 50(a)(1)(A)(B) and (2) and/or Judgment Notwithstanding the Verdict (JNOV) per F. R. Civ. P. 50(b)(3)"[1]

2. "Defendant's Alternative Motion for Indicative Ruling and to Stay and/or Bar Enforcement Proceedings and Rule 62(b) to Enforce Judgment per FCRP 62(b)(1)(2) and (3) and/or (4)"[2]

3. "Defendant's Motion in the Alternative per F. R. Civ. P. 8(d)(2) & (3) to Stay and/or Determinate Supersedeas Bond (Cash or Surety) Pending Dispositions of Motions Under F. R. Civ. P. 50, 59, and 60 per F. R. Civ. P. 62(b)"[3]

4. "Defendant Newton B. Schwartz, Sr.'s Original Motion for a New Trial"[4]

5. "Defendant's Motion for Leave to File Defendant Newton B. Schwartz, Sr.'s Emergency Motion for an Order per 67(a) and (b) for: (1) Depositing $77,613.35 (Cash) Cashier's Check to Clerk Requiring Such Order Plus (A) Any Additional Cash, If Any, Over Interest Yield Spread Rates Obtained at Investment by Clerk

---

[1] Rec. Doc. 323.

[2] Rec. Doc. 337.

[3] Rec. Doc. 339.

[4] Rec. Doc. 341.

>Versus (B) Accruing Post-Judgment Interest Rate, Fixed or Variable during the Term of the Appeal(s) by Defendant"[5]
>
>6.   "Motion for Expedited Submission of Defendant's Motion for Leave to File Defendant Newton B. Schwartz, Sr.'s Emergency Motion for an Order per 67(a) and (b) for: (1) Depositing $77,613.35 (Cash) Cashier's Check to Clerk Requiring Such Order Plus (A) Any Additional Cash, If Any, Over Interest Yield Spread Rates Obtained at Investment by Clerk Versus (B) Accruing Post-Judgment Interest Rate, Fixed or Variable during the Term of the Appeal(s) by Defendant."[6]

In his Motion for Judgment as a Matter of Law[7] and his Motion for a New Trial,[8] Defendant generally argues that the evidence presented at trial is insufficient to support the jury's verdict. In the other four motions,[9] Defendant appears to present concerns that Plaintiff will attempt to enforce the judgment while the Court is considering Defendant's Motion for Judgment as a Matter of Law[10] and Motion for a New Trial,[11] or while this matter is on appeal. Defendant characterizes the situation as an "emergency," urging that he must file his Notice of Appeal no later than August 14, 2014.[12]

As a preliminary matter, the Court notes that the situation is not an "emergency" as Defendant suggests. Federal Rule of Appellate Procedure 4(a) provides that the time for filing a Notice of Appeal does not run until the Court addresses timely filed motions pursuant to Federal Rules of Civil Procedure 50 and 59:

---

[5] Rec. Doc. 350.

[6] Rec. Doc. 351.

[7] Rec. Doc. 323.

[8] Rec. Doc. 341.

[9] Rec. Doc. 337; Rec. Doc. 339; Rec. Doc. 350; Rec. Doc. 351.

[10] Rec. Doc. 323.

[11] Rec. Doc. 341.

[12] *See, e.g.*, Rec. Doc. 351 at p. 1.

 (a) Appeal in a Civil Case.

  (1) Time for Filing a Notice of Appeal.

   (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

 . . .

  (4) Effect of a Motion on a Notice of Appeal.

   (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (i) for judgment under Rule 50(b);

    (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

    (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

    (iv) to alter or amend the judgment under Rule 59;

    (v) for a new trial under Rule 59; or

    (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Turning to "Defendant's Alternative Motion for Indicative Ruling and to Stay and/or Bar Enforcement Proceedings and Rule 62(b) to Enforce Judgment per FCRP 62(b)(1)(2) and (3) and/or (4),"[13] Federal Rule of Civil Procedure 62(b) provides:

 (b) Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or

---

[13] Rec. Doc. 337.

> any proceedings to enforce it—pending disposition of any of the following motions:
>
> (1)  under Rule 50, for judgment as a matter of law;
>
> (2)  under Rule 52(b), to amend the findings or for additional findings;
>
> (3)  under Rule 59, for a new trial or to alter or amend a judgment; or
>
> (4)  under Rule 60, for relief from a judgment or order.

In this case, Defendant has filed a Rule 50 motion and a Rule 59 motion, making Rule 62(b) applicable. The Court may stay execution of the judgment "[o]n appropriate terms for the opposing party's security." The text of Rule 62 does not specify what "appropriate terms" are, and the Fifth Circuit does not appear to have offered any guidance on the issue. However, Local Rule 62.2 provides that in the context of a supersedeas bond, which posted while an appeal is pending,[14] "[a] supersedeas bond staying execution of a money judgment must be in the amount of the judgment plus 20% of that amount to cover interest, costs and any damages award, unless the court directs otherwise." Considering that both Rule 62(b) and a supersedeas bond seek to protect the opposing party's interest in eventually executing the judgment, the Court will require Defendant to post a bond in the amount of the judgment, which is $75,000,[15] plus 20% to stay execution of the judgment while Defendant's Rule 50 and Rule 59 motions are pending.

With respect to "Defendant's Motion in the Alternative per F. R. Civ. P. 8(d)(2) & (3) to Stay and/or Determinate Supersedeas Bond (Cash or Surety) Pending Dispositions of Motions Under F.

---

[14] *See* Fed. R. Civ. P. 62(d).

[15] Rec. Doc. 328.

R. Civ. P. 50, 59, and 60 per F. R. Civ. P. 62(b),"[16] the Court notes that Federal Rule of Civil Procedure 62(d) addresses supersedeas bonds. It provides:

> (d)    Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

As evident from the text of Rule 62(d), a supersedeas bond "may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." In this case, Defendant has not filed a notice of appeal and no order allowing an appeal has been issued. Accordingly, Defendant's request to determine a supersedeas bond is premature.

Finally, the Court addresses "Defendant's Motion for Leave to File Defendant Newton B. Schwartz, Sr.'s Emergency Motion for an Order per 67(a) and (b) for: (1) Depositing $77,613.35 (Cash) Cashier's Check to Clerk Requiring Such Order Plus (A) Any Additional Cash, If Any, Over Interest Yield Spread Rates Obtained at Investment by Clerk Versus (B) Accruing Post-Judgment Interest Rate, Fixed or Variable during the Term of the Appeal(s) by Defendant"[17] and the related motion to expedite.[18] Rule 67(a) provides:

> (a)    Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party–on notice to every other party and by leave of court–may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

---

[16] Rec. Doc. 339.

[17] Rec. Doc. 350.

[18] Rec. Doc. 351.

As Wright and Miller have observed, "Rule 67 is a rather unimportant rule. Predictions made at the time it was adopted that there are 'not very many occasions for the application of this rule' have been proven accurate."[19] Generally, the rule "is useful in cases of interpleader and of tender of an undisputed sum."[20] It is Rule 62, and not Rule 67, that governs the procedure for staying execution of a judgment. Accordingly, Defendant's request for relief pursuant to Rule 67 is inappropriate, and his motion to expedite is moot.

For the reasons discussed herein,

**IT IS HEREBY ORDERED** that "Defendant's Alternative Motion for Indicative Ruling and to Stay and/or Bar Enforcement Proceedings and Rule 62(b) to Enforce Judgment per FCRP 62(b)(1)(2) and (3) and/or (4)"[21] is **GRANTED** to the extent it seeks relief pursuant to Rule 62(b). Defendant shall post a bond in the amount of the judgment, which is $75,000,[22] plus 20% to stay execution of the judgment while Defendant's Rule 50 and Rule 59 motions are pending. To the extent Defendant seeks any other relief, his motion is denied.

**IT IS FURTHER ORDERED** that "Defendant's Motion in the Alternative per F. R. Civ. P. 8(d)(2) & (3) to Stay and/or Determinate Supersedeas Bond (Cash or Surety) Pending Dispositions of Motions Under F. R. Civ. P. 50, 59, and 60 per F. R. Civ. P. 62(b)"[23] is **DENIED AS PREMATURE**;

---

[19] 12 Charles Alan Wright, et al, *Federal Practice and Procedure* § 2991 (2d ed.).

[20] *Id.*

[21] Rec. Doc. 337.

[22] Rec. Doc. 328.

[23] Rec. Doc. 339.

**IT IS FURTHER ORDERED** that "Defendant's Motion for Leave to File Defendant Newton B. Schwartz, Sr.'s Emergency Motion for an Order per 67(a) and (b) for: (1) Depositing $77,613.35 (Cash) Cashier's Check to Clerk Requiring Such Order Plus (A) Any Additional Cash, If Any, Over Interest Yield Spread Rates Obtained at Investment by Clerk Versus (B) Accruing Post-Judgment Interest Rate, Fixed or Variable during the Term of the Appeal(s) by Defendant"[24] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's "Motion for Expedited Submission of Defendant's Motion for Leave to File Defendant Newton B. Schwartz, Sr.'s Emergency Motion for an Order per 67(a) and (b) for: (1) Depositing $77,613.35 (Cash) Cashier's Check to Clerk Requiring Such Order Plus (A) Any Additional Cash, If Any, Over Interest Yield Spread Rates Obtained at Investment by Clerk Versus (B) Accruing Post-Judgment Interest Rate, Fixed or Variable during the Term of the Appeal(s) by Defendant"[25] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this  9th   day of August, 2014.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[24] Rec. Doc. 350.

[25] Rec. Doc. 351.